IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00209–EWN–MEH


CONSUMER CRUSADE, INC., a Colorado corporation,

      Plaintiff,

v.

EVERYCONTRACTOR.COM, a Nevada corporation, and
DAVID M. JOHNSON, its Officer(s) and Director(s),

      Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

      This is a Telephone Consumer Protection Act case.  Plaintiff Consumer Crusade, Inc.

alleges that Defendants Everycontractor.com and David Johnson (collectively, "Defendants")

violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2006), by sending

unsolicited advertisements via telephone facsimile machines.  This matter is before the court on:

(1) "Defendants' Motion for Judgment on the Pleadings," filed August 2, 2005; (2) "Plaintiff's

Motion for Summary Judgment," filed December 15, 2005; (3) "Defendants' Motion for

Summary Judgment, or, in the Alternative, To Stay Proceedings," filed December 15, 2005.

Jurisdiction is premised upon diversity of  citizenship pursuant to 28 U.S.C. § 1332 (2006).

-1-

Plaintiff is a Colorado corporation with its principal place of business in Colorado. (Compl. ¶ 1 [filed Feb. 3, 2005] [hereinafter "Compl."].)  Defendant Everycontractor.com is a Nevada corporation, the principal owner of which is Defendant Johnson.  (*Id*. ¶ 2.)  Plaintiff alleges that Defendants violated the TCPA "in connection with the sending of unsolicited advertisements via telephone facsimile machines."  (*Id*. at 1.)  Plaintiff asserts that "numerous Colorado residents and business" who received such unsolicited advertisements have assigned Plaintiff their claims based upon the alleged TCPA violations.  (*Id*. at 1.)  Plaintiff alleges that "Defendants have used a telephone facsimile machine, computer[,] or other device to send 180 unsolicited advertisements to telephone facsimile machines in the State of Colorado owned by Plaintiff's assignors."  (*Id*. ¶ 13.)  Defendants deny Plaintiff's allegations.  (Am. Answer and Affirmative Defenses [filed July 26, 2005] [hereinafter "Am. Answer"].)

On February 3, 2005, Plaintiff filed a complaint in this court.  (Compl.)  Plaintiff, as assignee, seeks declaratory relief, injunctive relief, compensatory damages, and remedial relief. (*Id*.)  On April 25, 2005, Defendants filed an answer to Plaintiff's complaint.  (Answer and Affirmative Defenses [filed Apr. 25, 2005].)  On July 26, 2005, Defendants filed an amended answer to Plaintiff's complaint.  (Am. Answer.)

On August 2, 2005, Defendants filed a motion for judgment on the pleadings, arguing that Plaintiff may not maintain its claims because: (1) Plaintiff lacks standing to assert claims under the TCPA as assignee; and (2) this court lacks subject matter jurisdiction.  (Defs.' Mot. for J. on the Pleadings [filed Aug. 2, 2005] [hereinafter "Defs.' Mot. for J. on the Pleadings."])  On August 24, 2005, Plaintiff filed a response to Defendants' motion.  (Resp. to Mot. for J. on the Pleadings

[filed Aug. 24, 2005].)  On September 6, 2005, Defendants filed a reply in support of their

motion.  (Defs.' Reply in Supp. of Mot. for J. on the Pleadings [filed Sept. 6, 2005].)  This matter

is fully briefed.

In support of their first and second contentions in their motion, respectively, Defendants

rely heavily upon: (1) Chief Judge Babcock's decision in *US Fax Law Center, Inc. v. iHire, Inc.*,

362 F. Supp. 2d 1248 (D. Colo. 2005), in which he concluded that TCPA claims are not

assignable under Colorado law; and (2) Judge Figa's decision in *Consumer Crusade, Inc. v.*

*Scientific Research Group., Inc.*, No. Civ. A05–CV–00220–PSF–CBS, 2005 WL 2064403 (D.

Colo. Aug. 23, 2005), in which he concluded that the TCPA expressly evinces congressional

intent that state courts have exclusive jurisdiction over private claims brought under the statute.

(Defs.' Mot. for J. on the Pleadings.)  Both of these cases present issues of first impression, and

both are currently on appeal before the Tenth Circuit.

On December 15, 2005, Plaintiff filed a motion for summary judgment and Defendants

filed a motion for summary judgment, or alternatively, to stay the case.  (Pl.'s Mot. for Summ. J.

[filed Dec. 15, 2005] [hereinafter "Pl.'s Mot."]; Defs.' Mot. for Summ. J., or, in the Alternative,

To Stay Proceedings [filed December 15, 2005] [hereinafter "Defs.' Mot. for Summ. J."])  On

January 4, 2006, Defendants filed a response to Plaintiff's motion and Plaintiff filed a response to

Defendants' motion.  (Defs.' Resp. to Pl.'s Mot. for Summ. J. [filed Jan. 4, 2006]; Pl.'s Resp. to

Defs.' Mot. for Summ. J., or, in the Alternative, To Stay Proceedings [filed Jan. 4, 2006].)  On

January 19, 2005, Plaintiff filed a reply brief in support of its motion.  (Pl.'s Reply in Supp. of

Mot. for Summ. J. [filed January 19, 2006].)  Defendants did not file a reply in support of their motion.

In form, in their respective motions for summary judgment, neither Plaintiff nor Defendants proffered a separately numbered list of simple, declarative sentences describing the undisputed material facts in the case.  (Pl.'s Mot.; Defs.' Mot. for Summ. J.)  Accordingly, as might be expected, in their respective response and reply briefs to the motions, Plaintiff and Defendants failed to respond to the nonexistent statements of undisputed material facts and further failed to proffer a separately numbered list of facts undercutting the movant's claims in the case.  (*Id.*)  The parties' failures amount to a complete and flagrant disregard of my procedural rules.  (*See* Practice Standards, Civil — Special Instructions Concerning Motions for Summary Judgment ¶¶ 1–8.)

In substance, the questions of whether TCPA claims are assignable and whether this court may exercise jurisdiction over such claims sit at the crux of the parties' motions for summary judgment.  (Pl.'s Mot; Defs.' Mot. for Summ. J.)  Recognizing the significance of these questions, concurrently with their motion for summary judgment, Defendants filed a motion to stay proceedings in the instant case pending the determination of the above-cited appeals.  (Defs.' Mot. for Summ. J.)  Given the circumstances, I find that judicial economy would be best served by waiting for decisions in one or both of the appeals before requiring this court or the parties to expend potentially unnecessary efforts analyzing and litigating the issues in the instant lawsuit. Accordingly, I hereby stay proceedings in this case until such time as the above-referenced issues are definitively resolved by the Tenth Circuit.

Based on the foregoing, it is therefore ORDERED that:

1.      Defendants' motion to stay proceedings (# 53) is GRANTED, and this action is hereby STAYED in all respects pending further order of this court.

2.      Defendants' motion for summary judgment (# 53) and the parties' briefs submitted in opposition thereof and support thereto are STRICKEN.

3.      Plaintiff's motion for summary judgment (# 54) and the parties' briefs submitted in opposition thereof and support thereto and STRICKEN.

4.      Defendants' motion for judgment on the pleadings (# 13) is DENIED without prejudice to refiling.

5.      The parties shall file a written status report promptly after the Tenth Circuit issues rulings in either or both of the above-cited appeals.

6.      The hearing scheduled for March 31, 2006, is VACATED.


Dated this 28th day of March, 2006.

                              BY THE COURT:


                              s/ Edward W. Nottingham
                              EDWARD W. NOTTINGHAM
                              United States District Judge